PER CURIAM.
In these consolidated cases, E.S., the natural mother of D.H. and C.F., challenges orders (1) adjudicating D.H. and C.F. dependent and ratifying the finding of the general master that the mother engaged m egregious conduct, but rejecting the general master’s finding that termination of the mother’s parental rights is in the best interests of the children and instead finding that termination is not in the manifest interests of the children, and (2) approving the report of the general master on the disposition hearing and acceptance of a case plan. The Department of Children and Families (DCF) cross-appeals, arguing that the trial court erred in finding that the manifest interests of the children did not support termination. The orders on appeal were entered after DCF sought termination of the mother’s parental rights following a period of dependency. This dependency commenced when the children were placed in shelter care after one of the children, D.H., sustained extremely serious burns by being placed in a bathtub of scalding water by the mother’s boyfriend and, despite the seriousness of the injuries, the mother and her boyfriend delayed seeking medical treatment for the child. We affirm all issues raised on appeal and cross-appeal. Specifically, we affirm the trial court’s orders which adjudicated the children dependent and accepted the general master’s findings as to egregious conduct. We also affirm the trial court’s factual findings and legal conclusions as to the manifest best interests of the children, and therefore deny the relief requested in the cross-appeal.
We write to clarify that the mother, or another party to the proceeding, may petition for a return of the children, who have been placed in the long-term custody of relatives, to the mother’s custody. § 39.622(4), Fla. Stat. (2001). The re-establishment of any custodial privileges will require proof by the mother of a material change in circumstances, as well as proof that custody by the mother is in the children’s best interest. Id.; see also A.L. v. *1094 Department of Children and Family Services, 805 So.2d 1094 (Fla. 2d DCA 2002).
AFFIRMED.
BARFIELD, BENTON and VAN NORTWICK, JJ„ CONCUR.