ALTENBERND, Judge.
E.D., a mother whose parental rights have not been terminated, appeals a final order from the trial court that requires her children to remain in long-term custody and terminates the Department of Children and Families’ supervision. We affirm without prejudice to E.D.’s right to seek custody by a proper motion filed pursuant to section 39.622(4), Florida Statutes (2005).
In 2001, the Department sheltered E.D.’s three children because she suffered from a substance abuse problem, and the children had been subjected to physical abuse and deplorable living conditions. After the three children were declared dependent in 2002 in Putnam County, the court placed them with their biological father, who did not reside with E.D. E.D. was offered a case plan with the goal of strengthening the children’s placement with their father. It does not appear that E.D. was ever offered a case plan that anticipated that she would regain custody of her children.
In April 2003, the trial court determined that E.D. had repeatedly failed to comply with her case plan. As a result, the trial court in Putnam County held a judicial review hearing and entered an order, pursuant to section 39.622, Florida Statutes (2003), placing the children in the long-term custody of their father and terminating the Department’s supervision. E.D. did not appeal this decision. As required by section 39.622(9), Florida Statutes (2003), the trial court retained jurisdiction over the case, even though the court was not required or expected to take any further action during the long-term custody. This statutory retention of jurisdiction allows the trial court to quickly handle any unanticipated risk to the children during the long-term custody.
In October 2003, the biological father died unexpectedly. The children’s paternal aunt and uncle, who live in Manatee County, advised the Department of the father’s death and informed the Department that the children were in their custody. As a result, the case was reactivated. Following some confusion about the proper forum in which to conduct further hearings, the court in Putnam County held a hearing in October 2004 and noted that E.D. had no case plan goal and that her compliance could not be determined. It also noted that it had discussed and agreed with the court in Manatee County to transfer the case to Manatee County. The Putnam County court anticipated that a hearing would be held after the transfer to establish a goal for E.D.’s ease plan.
On February 8, 2005, the court in Manatee County conducted a judicial review hearing. At the hearing, E.D. requested an evidentiary hearing to prove that she was in compliance with her case plan from 2002. The trial court denied E.D.’s request. The record, of course, contained the unappealed order establishing long-term custody in 2003, which determined that E.D. was in breach of her case plan at that time. The trial court terminated the Department’s supervision over the case and confirmed the long-term placement of the children with their aunt and uncle.
Section 39.622 allows a trial court to place a child in long-term custody and to terminate department supervision when certain conditions are established. There is no dispute in this case that the court in Putnam County properly entered such a long-term custody order in 2003. The trial court may modify such a custody order if it *309 finds that the placement is no longer in the best interests of the child. See § 39.622(9). Further, a noncustodial parent may seek to regain custody by petitioning for the return of the child pursuant to section 39.622(4) and establishing that a material change in circumstances has occurred and that the return of the child to the noncustodial parent would be in the child’s best interests.
Section 39.622 does not specify what procedures should be followed in the event of the death of the long-term relative custodian when the long-term custody is based on the failure of a noncustodial parent to substantially comply with a case plan. Here, the death of the children’s father necessitated a new placement for the children. The court in Manatee County took the necessary steps to ascertain that the paternal aunt and uncle would be appropriate long-term custodians before it entered the order approving their status. E.D. does not challenge their fitness.
E.D. appears to have assumed that the reactivation of this case under the jurisdiction reserved pursuant to section 39.622 required the court to offer her a case plan as if it were a newly filed dependency proceeding. Although the father in this case died within a few months of the order appointing him as long-term custodian, he could have died years after the entry of the order. We conclude that section 39.622 does not require a trial court to reopen a dependency case and provide the noncustodial parent with a new case plan merely because the long-term custodian dies. Instead, the children remain the subject of a long-term custody proceeding. If the noncustodial parent has rehabilitated herself during the long-term custody, it may be in the children’s best interests to place them with the noncustodial parent, but the court is not compelled to take steps to rehabilitate the noncustodial parent through another round of case plans.
There is little question that the death of the father was a material change in circumstances. Thus, pursuant to section 39.622(4), E.D. had the right to seek custody of her children when the father died by petitioning for the return of the children and establishing that the return of the children would be in their best interests. By the time the father died, E.D. lived in Kentucky. She participated in a home study that indicated her home was physically adequate for the children. She did not, however, file a motion under section 39.622(4) to establish custody. At most, she sought another opportunity through an outdated case plan to establish her fitness as a parent.
We are concerned that both E.D. and the trial court may not have fully appreciated the proper procedural steps that E.D. needed to take to obtain custody of her children when the father died. As a parent, she has due process rights that should not be overlooked. On remand, if and when she believes that she can satisfy the requirements of section 39.622(4), she may file a motion seeking custody of the children, and the order on appeal will not act as any bar to that proceeding.
We therefore affirm the trial court’s order subject to E.D.’s right to petition for return of the children under section 39.622(4). See E.S. v. Dep’t of Children & Families, 856 So.2d 1093 (Fla. 1st DCA 2003).
Affirmed.
FULMER, C.J., and KELLY, J., Concur.